# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                            Case No: 8:14-cv-1645-T-30TGW

BELLEAIR VILLAGE, LTD.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Application for Costs and Attorney's Fees and Supporting Memorandum of Law (Dkt. #14) and Plaintiff's Response to Defendant's Application for Costs and Attorney's Fees (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

Plaintiff filed this lawsuit pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 and the 2010 ADA Accessibility Guidelines. He alleged that he visited the Defendant's Belleair Village Motel and noted that the location did not have the following: a properly labeled handicap parking space, a properly labeled van disabled parking space, a ramp with the proper measurements for egress, and a lift for pool and Jacuzzi accessibility. Plaintiff alleged that because Defendant did not have the proper accommodations, he was denied full and equal access and enjoyment of the facilities, services, goods, and amenities of the establishment.

Defendant filed a Motion for Extension of Time to Respond to the Complaint (Dkt. # 4) and a Motion to Dismiss the Complaint (Dkt. # 6). The Plaintiff did not respond to the

Motion, and the Court issued an Order to Show Cause as to why the Court should not consider the Motion to Dismiss without a response from the Plaintiff (Dkt. #10). In response, Plaintiff filed a Notice of Voluntary Dismissal (Dkt. #12) and the Court entered an Order dismissing the case and denying any pending motions as moot. (Dkt. # 13).

Defendant now seeks its attorney's fees and costs in the amount of $19,593.75 which it incurred while defending against Plaintiff's lawsuit. Defendant argues that because its Motion to Dismiss was meritorious and the Plaintiff has had over 400 lawsuits filed throughout Florida alleging the same facts, Plaintiff has acted in bad faith and is a vexatious litigator. Defendant therefore argues that the Court should sanction this behavior. Defendant seeks fees and costs pursuant to 42 U.S.C. § 12205's prevailing party fee provision, 28 U.S.C. §1927, Federal Rule of Civil Procedure 11, and this Court's inherent authority.

Plaintiff argues that the Defendant has not established a basis for receiving its attorney's fees since it is not the prevailing party in the litigation. Plaintiff filed the complaint in good faith and had a legal basis to do so, notwithstanding the voluntary dismissal. Plaintiff asserts that he voluntarily dismissed the action because he had a disagreement with prior counsel, and retained new counsel. His current attorney, who filed the response to this Motion, noted numerous typographical errors, improper paragraph references and improper allegations regarding the location of the facility, and therefore determined it was best to dismiss the case. Further, Plaintiff asserts that Defendant's premises still contain numerous violations of the ADA and he retains the right to re-file the case.

2

The Court concludes that Defendant's counsel has not stated a sufficient basis for an award of attorney's fees in its Motion. For the Court to consider Defendant a prevailing party, there must be: "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003). (internal quotation marks omitted).

Plaintiff's voluntary dismissal did not make Defendant the prevailing party. *Tidwell v. Krishna Q Investments, LLC*, 935 F. Supp. 2d 1354 (N.D. Ga. 2012) (Disability advocate's voluntary dismissal of his ADA claims against hotel operator did not make operator a prevailing party entitled to an award of costs and attorney's fees; operator did not obtain relief from court on merits of any claim, and there was no judicial *imprimatur* altering legal relationship between parties) (citing Fed.R.Civ.P. 41(a)(1); *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 605 (2001)).

Although the Defendant has established that Plaintiff filed numerous pleadings throughout Florida raising similar claims and "cookie-cutter" responses to interrogatories, none of that conduct occurred in this particular case. Plaintiff readily admits that he is a "tester" and that it is his routine practice to visit places of public accommodation to test all the barriers to access and determine the extent to which they are illegal. The evidence of Plaintiff's conduct in other cases do not justify costs and fees in this particular case, particularly when Defendant's counsel only filed two pleadings. Therefore, Defendant's request for fees pursuant 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, and the court's inherent power is denied.  See *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d

1230, 1239 (11th Cir. 2006) ("We have consistently held that an attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute [28 U.S.C. §1927] only when the attorney's conduct is so egregious that it is tantamount to bad faith." (internal quotation marks omitted)); *Hodges v. Publix Super Markets, Inc.*, 372 Fed. App'x. 74, 78 (11th Cir. 2010) ("Rule 11 sanctions are proper when a party files a pleading (1) that has no reasonable factual basis; (2) that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) in bad faith for an improper purpose." (internal quotation marks omitted)); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1758 (2014) (recognizing the inherent power of the courts to shift attorney's fees where a party has shown "willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)). Defendant has not demonstrated that Plaintiff acted in bad faith or vexatiously in this case.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Application for Costs and Attorney's Fees and Supporting Memorandum of Law (Dkt. #14) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1645 costs and fees.docx